UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN WUNDERLICH,

                    Petitioner,                    Case No. 2:20-cv-11522
                                                   Hon. Arthur J. Tarnow

v.

PEOPLE OF THE STATE OF
MICHIGAN,

                    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Alan Wunderlich initiated this proceeding by filing a "Motion for

Discovery." ECF No. 1. Because it appears Petitioner seeks release from his

involuntary commitment at a group home, the Court will construe the pleading as a

petition for writ of habeas corpus filed under 28 U.S.C. §2254.

Petitioner was charged in Genesee County in 2016 with several offenses

arising out of a confrontation with the police. ECF No. 1, Page.ID.3-4, 6-8. The

charges were dismissed after Petitioner was found incompetent to stand trial. Id.,

Page.ID.10-11. Petitioner was thereafter civilly committed, and he is currently

residing at a group home in Linden, Michigan. Id., Page.ID.2.

Though the quality of the pro se petition makes it difficult to discern exactly

what Petitioner is claiming, it appears Petitioner asserts that: (1) the police violated

*Wunderlich v. People*, No. 20-11522

his Fourth Amendment rights during his initial arrest, and (2) Petitioner is being

"held prisoner" yet charged monthly rent for his involuntary civil commitment.

Petitioner states that he is seeking copies of the police report and other records so

that he can file criminal charges against state employees. Nevertheless, the Court

will construe the action as ultimately seeking release from custody in light of

Petitioner's claim that he is illegally "being held prisoner." Id. Page.ID.1.

   After a petition for writ of habeas corpus is filed, the Court undertakes

preliminary review to determine whether "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in

the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines

that the petitioner is not entitled to relief, the Court must summarily dismiss the

petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); Rule 4, Rules Governing §

2254 Cases.

   Petitioner may challenge the constitutionality of his civil commitment under

28 U.S.C. § 2254. See *Williams v. Meyer*, 346 F.3d 607 (6th Cir. 2003). But a

federal habeas petitioner must exhaust remedies available in the state courts before

filing his federal petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S.

838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims

so that state courts have a "fair opportunity" to apply controlling legal principles to

the facts bearing upon a petitioner's constitutional claim. *Id.* The district court can

raise exhaustion on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Here, Petitioner does not assert that he attempted to obtain relief in the state courts with respect to his involuntary civil commitment. Under Michigan law, proceedings regarding involuntary mental health treatment under the Mental Health Code, including proceedings instituted following a determination of incompetency to stand trial, are referred to as "civil commitment" proceedings. See, e.g., *People v. Dobben*, 440 Mich. 679, 690-691 (1992); *People v. Miller*, 440 Mich. 631, 640 (1992). The specific procedures for obtaining continuing orders for treatment based on a person's mental illness, as well as the procedures for judicial review of such orders, are contained in Chapter 4 of the Mental Health Code, Mich. Comp. Laws § 330.1400 et seq and Michigan Court Rule 5.730 et seq. See *People v. Portus (In re Portus)*, 325 Mich. App. 374 (2018). These provisions allow for a civilly committed person to petition for his release in the state probate court, Rule 5.747, and for appellate review of an order denying release. Rule 5.801(A)(4). Petitioner does not allege that he attempted to avail himself of these state procedures.

Accordingly, the Court will dismiss the petition without prejudice because Petitioner has failed to exhaust his state court remedies.

*Wunderlich v. People*, No. 20-11522

**IT IS ORDERED**, that the action is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**. 28 U.S.C. §§ 1915(a)(3); 2253(c)(2).


_s/Arthur J. Tarnow_____
Arthur J. Tarnow
United States District Court


Dated: _July 10, 2020____